# Exhibit 2

**U.S. Department of Justice**

Civil Division

*Washington, DC 20530*

November 18, 2025

**<u>BY EMAIL</u>**
Michael A. Hirst
Marisela Bernal
Hirst Law Group, P.C.
200 B Street, Suite A
Davis, CA 95616
michael.hirst@hirstlawgroup.com
marisela.bernal@hirstlawgroup.com

Re: *U.S. ex rel. Wadhwa, et al. v. Progress Med. LLC, et al.* (C.D. Cal.) (**Under Seal**)

Dear Counsel:

We are writing to advise you of certain provisions under the False Claims Act (FCA), 31 U.S.C. § 3729 et seq., that could affect Sunil Wadhwa's and Emily Prins' status as relators under the *qui tam* provisions of the Act (section 3730).

The United States Department of Justice, Civil Division commenced False Claims Act investigations involving the following entities prior to receipt of Wadhwa's and Prins' *qui tam* complaint:

[redacted]

The existence of multiple suits against the same defendants raises potential issues under the FCA. Although issues may arise under any part of section 3730 that could affect your case as our investigation proceeds, the "first-to-file" rule may have particular applicability here. The first-to-file rule states that "[w]hen a person brings a *[qui tam]* action, no person other than the Government may . . . bring a related action based on the facts underlying the pending action." 31 U.S.C. § 3730(b)(5). The rule essentially prevents later-filing relators from bringing repetitive *qui tam* actions. *United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 302-03 (4th Cir. 2017); *United States ex rel. Shea v. Verizon Commc'ns, Inc.,* 160 F. Supp. 3d 16, 28-29 (D.D.C. 2015); *United States ex rel. Heineman-Guta v. Guidant Corp.*, 718 F.3d 28, 34 (1st Cir. 2013).

Additionally, please be advised that the United States has information suggesting that the *qui tam* action may be barred by the False Claims Act's public disclosure bar. *See* 31 U.S.C. § 3730(e)(4). That section provides that a relator will be barred from pursuing allegations that were the subject of certain types of prior public disclosures of allegations or transactions. At this time, we believe the extensive media coverage of fraudulent activity in the skin-substitute industry may constitute "public disclosure[s] of allegations or transactions" as used in the False Claims Act. Of course, there may be other public disclosures relating to the conduct at issue.

The government does not agree, and cannot be deemed to agree, that Sunil Wadhwa and Emily Prins are proper relators. The United States reserves the right to assert the bars under sections 3730(b)(5), 3730(e)(4), or any other applicable provision of the False Claims Act as a limitation on your client's claim to a share of any judgment or settlement amounts. In addition, the United State reserves the right to seek dismissal of the action, in whole or in part, under 31 U.S.C. § 3730(c)(2)(A), including for those entities for which the Civil Division had commenced FCA investigations prior to receipt of your client's *qui tam* action.

The United States will evaluate the applicability of these provisions to your case, as well as others that may affect relator status. We reserve the right to raise any legal issues that may arise under the FCA's *qui tam* provisions. We hope that this letter will alert you to potential issues and prove helpful to you in conducting your own analysis. Please do not hesitate to call if you have any questions.

Very truly yours,

*/s/ Jonathan K. Hoerner*

Jonathan K. Hoerner
Trial Attorney
Commercial Litigation Branch
Civil Division

cc: Cory Webster, Assistant United States Attorney
Desmond Jui, Assistant United States Attorney